UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAIN WILLIAMS, <br><br>    Plaintiff, <br><br>    v. <br><br> STATE OF CALIFORNIA, et al., <br><br>    Defendants. | Case No. 17-cv-02511-HSG <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 6, 8 |

Pending before the Court is Defendants' combined motion for summary judgment and motion to dismiss. Dkt. Nos. 6, 8 (motion and amended motion). For the reasons detailed below, the Court finds that Plaintiff has not exhausted his administrative remedies and, therefore, **GRANTS** the motion for summary judgment.

I.  **BACKGROUND**

   A.  **Factual Background**

Plaintiff Dwain Williams, a California prisoner currently incarcerated at the California Health Care Facility, alleges that he was transferred to Soledad Correctional Training Facility on December 23, 2015, because he had received death threats while in custody at the Chowchilla Correctional Training Facility. Dkt. No. 1-1 ¶ 11 ("Compl."). On January 16, 2016, Plaintiff alleges that he was unprotected by prison guards or other staff when he was thrown over a railing. *Id.* He sustained "severe injuries" as a result, including "severe head trauma and fractured limb [*sic*]." *Id.* ¶¶ 11, 17.

   B.  **Procedural Posture**

On February 15, 2017, the Monterey Superior Court appointed Sharyn Williams as Plaintiff's Guardian ad Litem. Compl., Ex. A at 17–18. That same day, Plaintiff, by and through

1 his Guardian ad Litem, filed this action in Monterey Superior Court seeking monetary damages for his injuries. *Id.* On May 2, 2017, Defendants removed the action to federal court on the basis of federal question jurisdiction. *See* Dkt. No. 1. Plaintiff alleges that the railings on the Soledad Correctional Training Facility's stairwells and landings are dangerously low. *See* Compl. ¶ 14. On this basis, he brings a premises liability claim against Defendants State of California, California Department of Corrections and Rehabilitation ("CDCR"), and Soledad Correctional Training Facility ("CTF") (collectively, "State Defendants"). He also brings a negligence claim and a claim under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights against all Defendants, including the CTF warden and watch commander (collectively, "Individual Defendants").

On May 10, 2017, Defendants moved for summary judgment, contending that Plaintiff failed to exhaust his administrative remedies. Dkt. Nos. 6, 8. On October 27, 2017, the Court held an evidentiary hearing regarding Defendants' exhaustion defense. *See* Dkt. No. 19, 41; *see also Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc) (permitting limited preliminary proceedings to "decide disputed questions of fact").

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The Court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial [,]. . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial

burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)).

For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### B. Prison Litigation Reform Act

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although previously within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite to all inmate lawsuits pertaining to prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Id.* at 532.

The exhaustion requirement of the PLRA is intended to serve a number of purposes, including providing an opportunity for corrections officials to address complaints internally, deterring frivolous lawsuits, and creating an administrative record allowing courts to evaluate the relative merits of claims. *See Porter*, 534 U.S. at 525. The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." *Griffin*, 557 F.3d at 1120 (quotation omitted).

3

The failure to exhaust administrative remedies is an affirmative defense that may be raised in a motion for summary judgment. *See Albino*, 747 F.3d at 1166. In bringing such a motion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, the ultimate burden of proof remains with the defendant. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

### C. Inmate Appeals Process

CDCR provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." 15 Cal. Code Regs. § 3084.1(a). Inmates proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form; (2) second level appeal to the institution head or designee; and (3) third level appeal to the CDCR director. 15 Cal. Code Regs. §§ 3084.1(b), 3084.7. Under specific circumstances, the first level review may be bypassed. *Id.* The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. *Id.* § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).

### III. ANALYSIS

Defendants' sole argument in support of summary judgment is that Plaintiff failed to exhaust his administrative remedies. *See* Dkt. Nos. 6, 8, 13. The PLRA requires exhaustion of administrative remedies "as are available." 42 U.S.C. § 1997e(a); *cf. Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (holding administrative remedies "effectively unavailable" due to inadequate screening of an inmate's grievances). Plaintiff argues in response that no

4

administrative remedies were "available" to him because he was incapacitated following his fall and therefore could not file an appeal.

### A. Available Remedies

On October 26, 2017, the day before the evidentiary hearing, Defendants filed a supplemental declaration from Jennifer Truett, an Inmate Appeals Coordinator for the Correctional Training Facility. *See* Dkt. No. 40. Attached to Ms. Truett's declaration was inmate appeal CTF S17-01112. *See* Dkt. No. 40-4, Ex. D. The appeal indicated that on April 25, 2017, Plaintiff filed an appeal regarding CDCR's alleged failure to protect him when he was thrown over the third floor railing and sustained "severe and permanent injuries." *Id.* On May 16, 2017, Ms. Truett canceled the appeal as untimely, citing that the incident occurred in January 2016. *Id.* Defendants fail to explain why they did not attach this appeal to their initial motion for summary judgment, but regardless, it was admitted into evidence at the evidentiary hearing. At the hearing, Ms. Truett also testified that there is no record of Plaintiff appealing this cancellation decision or filing a subsequent appeal.

The Court finds that inmate appeal CTF S17-01112 indicates that Plaintiff, either alone or with assistance, began the CDCR appeals process. *Cf.* Cal. Code Regs. tit. 15, § 3084.2 ("An inmate or parolee or other person may assist another inmate or parolee with preparation of an appeal . . . ."). But he failed to complete it. *See* Cal. Code Regs. tit. 15, § 3084.1(b) ("[A] cancellation or rejection decision does not exhaust administrative remedies."). As the cancellation advised, although Plaintiff could not appeal the cancellation directly, he could file a separate appeal of the cancellation decision. *See* Dkt. No. 40-4, Ex. D; *see also* Cal. Code Regs. tit. 15, § 3084.6(e). He did not do so. The Court does not now make any determination about Plaintiff's incapacity prior to filing this appeal. Nevertheless, at least as of April 25, 2017, he was represented by counsel and began the CDCR appeals process, meaning that the CDCR process was "available" to him. Plaintiff has made no contrary showing that he could not exhaust before filing suit. *Cf. Albino*, 747 F.3d at 1172 (shifting burden to the plaintiff to provide evidence that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him").

**B. Exhaustion**

To the extent Plaintiff suggests that his claim filed with the Victim Compensation and Government Claims Board should constitute compliance or otherwise estop Defendants from raising an exhaustion defense, *see* Dkt. No. 10 at 5–6, the Court is not persuaded. The PLRA requires "proper exhaustion" of all available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91. Whether an inmate's grievance satisfies the PLRA's exhaustion requirement is determined by the prison's own grievance process. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). Underlying the exhaustion requirement is a desire to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* (quotation omitted). Consequently, complying with the Government Claims Act, the procedure for bringing claims against public entities, is no substitute. *See McPherson v. Alamo*, No. 15-CV-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. Dec. 8, 2016); *Gallegos v. Troncoso*, No. EDCV 12-00547-GW MAN, 2013 WL 6732870, at *5 (C.D. Cal. Dec. 19, 2013); *accord Parthemore v. Col*, 221 Cal. App. 4th 1372, 1382 (Cal. Ct. App. 2013).

Plaintiff must finish appealing his claim through the third level of appeal to the CDCR director prior to refiling this action. *See McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). The Court notes that if Plaintiff appeals the cancellation decision and CDCR continues to deny the appeal as untimely, Plaintiff has a strong argument that the untimeliness of his appeal should be excused due to the injuries he sustained from his fall and the assistance he required to file the appeal. *See Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (remanding for district court to consider whether plaintiff had the opportunity to file a grievance within 15 days after assault where his injuries and subsequent segregation rendered grievance form inaccessible); *see also Days v. Johnson*, 322 F.3d 863, 867–68 (5th Cir. 2003) (holding remedies were "unavailable" when inmate's grievance was rejected as untimely and untimeliness was due to a physical injury). Even the limited evidence adduced at the October 27 evidentiary hearing

regarding Plaintiff's physical condition underscored the strength of Plaintiff's incapacity claim. The Court notes that the appeals coordinator is only permitted to reject an untimely appeal if "[t]ime limits for submitting the appeal are exceeded *and* the appellant had the opportunity to file within the prescribed time constraints." *Marella*, 568 F.3d at 1027; *see also* Cal. Code Regs. tit. 15, §§ 3084.6(c)(4).

## IV. CONCLUSION

The Court finds that Plaintiff did not properly exhaust his administrative remedies. Accordingly, the Court **GRANTS** Defendants' motion for summary judgment without prejudice to Plaintiff filing a new action after exhausting California's prison administrative process. *See, e.g.*, *McKinney*, 311 F.3d at 1200–01. The clerk is directed to enter judgment in favor of Defendants and to close the file.

**IT IS SO ORDERED.**

Dated: 11/6/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge